# In the United States Bankruptcy Court
## for the
### Southern District of Georgia
#### Augusta Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 2:41 pm, Apr 09, 2013

In the matter of: )
)  Chapter 7 Case
SPORTMAN'S LINK, INC. )
)  Number 07-10454
*Debtor* )

## ORDER ON MOTION TO COMPEL

Currently pending before the Court is Sohail Abdulla's Motion to Compel, which he filed July 11, 2011. Dckt. No. 688.[1] In his Motion, Mr. Abdulla, the sole shareholder of Debtor corporation Sportsman's Link, Inc. ("Sportsman's Link" or "Debtor"), requested this Court to compel the Chapter 7 Trustee ("Trustee") to abandon Adversary Proceeding Number 11-01031, or in the alternative, hire the Player Law Firm, LLC ("Player") as special counsel to pursue such adversary proceeding. *Id.*

Adversary Proceeding Number 11-01031 was initiated on July 11, 2011 against defendants Scott Klosinski, Klosinski Overstreet LLP, the Estate of William J. Williams, and Johnston, Wilkin, & Williams ("Defendants") for breach of fiduciary duty and breach of contract. Complaint, A.P. Dckt. No. 1. The principal basis for this legal malpractice action is that Defendants caused Debtor to fail to timely assume a lease with U.S. Properties Group for the retail location of Debtor's store. *Id.* The Plaintiff in this adversary proceeding

---

[1] For this Order, citations to the main bankruptcy case [07-10454] will appear as "Dckt. No. ___"; citations to Player's Adversary Proceeding [11-1031] will appear as "A.P. Dckt. No. ___".

is Sportsman's Link, and the Complaint was filed by Player purportedly as attorney for "Plaintiff." *Id.* The Trustee did not advise Player to file this adversary and did not express an intention to seek the Court's permission to employ him pursuant to 11 U.S.C. § 327. Dckt. No. 695 at 3.

The Trustee received a settlement offer from Defendants in this adversary proceeding, and on August 2, 2011, the Chapter 7 Trustee filed an Application to Compromise Controversy and Response to Motion to Compel Abandonment of Cause of Action ("Application to Compromise"). Dckt. No. 695. Abdulla filed an Objection to the Trustee's Application to Compromise on August 21, 2011. Dckt. No. 701.

This Court granted the Trustee's Application to Compromise on December 20, 2011, and authorized the Trustee to execute releases in favor of the Defendants named in Adversary Proceeding Number 11-01031 upon receipt of the settlement amount in full satisfaction and compromise of any claims for legal malpractice the Debtor may have. Dckt. No. 773. Abdulla appealed this Court's Order granting the Application to Compromise, and the District Court dismissed the appeal for lack of standing on March 27, 2013. Dckt. No. 831.

Accordingly, Abdulla's Motion to Compel is now moot. The Trustee and Defendants have settled the cause of action in Adversary Proceeding Number 11-01031, and so it is no longer necessary to address whether the Court should compel the Trustee to

abandon it or hire Player as special counsel to pursue it.

### ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT Abdulla's Motion to Compel is DENIED as moot.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 9th day of April, 2013.